UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHNNY DUBOIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Cause No.: 3:20-cv-749 |
| MILLER AUTO, LLC, | ) |
| BILL MILLER, and | ) |
| PENNY MILLER, | ) |
| | ) |
| Defendants. | ) |

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Johnny DuBois, by counsel, and respectfully brings this action against the Defendants, Miller Auto, LLC, Bill Miller, and Penny Miller, claiming unpaid wages under the Fair Labor Standards Act and Indiana Wage Laws.  In support thereof, the Plaintiff states as follows:

### I. Overview

1. This lawsuit against the Defendants arises under the Federal Labor Standards Act ("FLSA"), 29 USC § 201 *et seq* for their failure to pay Mr. DuBois overtime wages.

2. Additionally, Indiana's Wage, Hour and Benefits Laws, I.C. §22-2-2-1 *et seq,* supports Mr. DuBois' wage claims.

3. Miller Auto, LLC, is a business located in Stark County, Indiana.  Miller Auto, LLC is owned and managed by Defendants, Bill Miller and Penny Miller.

4. The Plaintiff is a former employee of the Defendants.  He worked as an Auto Body Technician and was paid hourly wages.  However, the Defendant failed to pay the Plaintiff in accordance with federal overtime laws.

5. During the Plaintiff's employment with the Defendant, the Federal overtime pay regulations required the Defendant to pay the Plaintiff one and a half (1.5) times his regular rate of pay for all hours he worked over forty (40) in a workweek.

6. Over the last 3 years, Defendant failed to pay Plaintiff for overtime hours worked.

7. Defendant misclassified Plaintiff as an independent contractor in an effort to avoid withholding payroll taxes and paying overtime compensation under the FLSA.

8. During the last 3 years of his employment, Mr. DuBois was paid an hourly rate of $14.00 per hour.

9. During the last 3 years of his employment, Mr. DuBois regularly worked more than forty (40) hours per week, thereby qualifying him for overtime pay.

10. The Defendant fails to maintain records pertinent to the Plaintiff's employment as required under the FLSA, 29 CFR §516 *et seq.*

11. The Defendant intentionally developed a payment scheme that avoided paying Mr. DuBois for his overtime work.

## II. Parties

12. Mr. DuBois is an individual and resident of Elkhart County Indiana.

13. Miller Auto, LLC is a business entity organized in the State of Indiana. Its principal place of business is located in Starke County Indiana.

14. Defendants, Bill Miller and Penny Miller are residents of Starke County Indiana.

15. At all relevant times, the Plaintiff was employed by the Defendant within the meaning of FLSA during the three-year period prior to filing this Complaint. The Plaintiff is an individual employee within the meaning of the FLSA, 29 USC § 203 (e)(1).

16. Defendants, Bill and Penny Miller, are owners, members and/or officers of Miller Auto who controlled the day-to-day business operations of the business including handling payroll records. Bill and Penny Miller exercised the authority and decision making regarding wage and hour payments for the company's employees.

17. At all relevant times, Miller Auto and Bill and Penny Miller were "employers" within the meaning of FLSA 29 USC § 203d, or alternatively under Indiana Code §22-2-2-3, and Indiana Code §22-2-6-1.

### III. Jurisdiction and Venue

18. The FLSA grants jurisdiction over claims arising from the violation of its minimum wage and overtime provisions, 29 USC §216(b).

19. Venue in this Court is preferred and appropriate because the actions took place in the Northern District of Indiana

### IV. Coverage

20. At all times hereinafter mentioned, the Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 USC § 203(r).

21. At all times hereafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 USC § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00.

### COUNT 1: Failure to Pay Overtime Wages

22. The Plaintiff re-alleges the material allegations made herein and presents his claim for unpaid overtime wages, damages and attorney fees.

23. During all relevant times, the Defendant violated federal and/or state regulations under 29 USC § 206 and § 207 or alternatively I.C. §22-2-2-4 by failing to comply with the minimum wage and overtime requirements of the FLSA or The Indiana Wage Laws, owed to the Plaintiff for work he performed while in their employ.

24. The Defendant willfully violated the FLSA provisions regulating minimum wage and overtime wage rates.

WHEREFORE the Plaintiff prays the Court enter a Judgment against the Defendant, jointly and severally, awarding him for actual damages, liquidated damages, costs and attorney fees provided by the FLSA and Indiana Wage Laws, and for all other relief deemed just and proper in the premises.

Respectfully submitted:

GOODIN ABERNATHY, LLP

/s/ Christopher E. Clark
Christopher E. Clark, #18577-29
*Attorney for Plaintiff*

Christopher E. Clark, #18577-29
GOODIN ABERNATHY, LLP
301 East 38th Street
Indianapolis, IN 46205
Ph. 317-843-2606
Fax 317-574-3095
cclark@goodinabernathy.com
05-134

## REQUEST FOR JURY TRIAL

COMES NOW the Plaintiff, Johnny DuBois, by counsel, and respectfully requests that this matter be set for trial by jury.

Respectfully submitted:

GOODIN ABERNATHY, LLP

/s/ Christopher E. Clark
Christopher E. Clark, #18577-29
*Attorney for Plaintiff*

Christopher E. Clark, #18577-29
GOODIN ABERNATHY, LLP
301 East 38th Street
Indianapolis, IN 46205
Ph. 317-843-2606
Fax 317-574-3095
cclark@goodinabernathy.com
05-134